[Civ. No. 4960.   First Appellate District, Division Two.—December 4, 1924.]

LUNING MINERAL PRODUCTS COMPANY (a Corporation), et al., Plaintiffs; LONDON ASSURANCE CORPORATION (a Corporation), Appellant, v. EAST BAY WATER COMPANY (a Corporation), Respondent.

[1] Water Companies — Failure to Furnish Water — Destruction of Property by Fire—Liability for Damages.—The facts that a fire hydrant is installed adjacent to a certain manufacturing plant, that the water company collects a water rental in the form of a "stand-by service" charge under municipal ordinances and the decisions of the state Railroad Commission, and that the owner of said manufacturing plant pays a proportionate share of said rental as a taxpayer of the municipality, do not give the owner of said manufacturing plant a cause of action against the water company for damages for loss of such plant by fire

---

1. Liability of water company to private consumer for loss of property by fire due to inadequacy of water supply, notes, 2 Ann. Cas. 479; 5 Ann. Cas. 508; 9 Ann. Cas. 1076; 20 Ann. Cas. 1294; Ann. Cas. 1913D, 461.

occasioned by the negligent failure of the water company to furnish water to enable the fire department to put out the fire.

[2] ID.—CHANGE IN LAW—PROVINCE OF LEGISLATURE.—A change in the substantive law to give the householder a right of action against public utilities furnishing water in case of the destruction of the householder's property by fire which the supply of water has been inadequate to prevent must be made by the legislative bodies rather than by the courts.

(1) 40 Cyc., p. 809, n. 32.   (2) 12 C. J., p. 883, n. 98.

APPEAL from a judgment of the Superior Court of Alameda County.  James G. Quinn, Judge.  Affirmed

The facts are stated in the opinion of the court.

W. G. Deal for Appellant.

McKee, Tasheira & Wahrhaftig for Respondent.

NOURSE, J.—The plaintiff Luning Mineral Products Company joined with the London Assurance Corporation in an action against the East Bay Water Company to recover damages for the loss of the plant of the first-named plaintiff, which was destroyed by fire.  A demurrer to the complaint was sustained; the plaintiff Luning Mineral Products Company filed an amended complaint and as to that plaintiff the action is still pending in the trial court.  The plaintiff London Assurance Corporation declined to amend and has appealed from the judgment which followed its default.

[1] The pertinent allegations of the complaint are that when the plant of plaintiff Luning Mineral Products Company was erected in the city of Richmond, California, a fire hydrant was installed adjacent thereto upon which the Water Company collected a water rental, or a rate for "stand-by service," under the ordinances of the city of Richmond and the decisions of the state Railroad Commission, and that said plaintiff paid a proportionate share of said rental as a taxpayer of said city of Richmond; that on August 15, 1922, the entire plant of said plaintiff was destroyed by fire, owing to the lack of water in the mains of said defendant and the failure of said defendant to furnish water at said fire hydrant.  It was also alleged that such failure was due to the fact that the Water Company had negligently connected said hydrant to its reservoir with pipes too small to supply

an adequate amount of water at said hydrant, and that it had also negligently permitted air pockets to collect in said pipes, which, in turn, caused a failure of the water system to furnish water at said hydrant to enable the fire department to put out the fire. The further allegation is made that by virtue of section 549 of the Civil Code an express contract existed between said plaintiff and the Water Company whereby the company was obligated to furnish to said plaintiff water to the extent of the defendant's means for the protection of said plaintiff against fire, and that said plaintiff erected its plant in reliance upon said contract.

[2] On this appeal the appellant concedes that the rule of law as announced in the early decisions of the supreme court of this state supports the judgment appealed from, but insists that we should depart from these decisions and establish a rule for the benefit of the householder giving them a right of action against public utilities furnishing water in case of the destruction of the customer's property by fire which the supply of water has been inadequate to prevent. The answer to the appellant's suggestion is that changes in the substantive law must be made by the legislative bodies rather than by the courts.

The respondent relies upon *Niehaus Bros. Co.* v. *Contra Costa Water Co.*, 159 Cal. 305, 316 [36 L. R. A. (N. S.) 1045, 113 Pac. 375, 380], where the rule applicable here is announced as follows: "No liability such as plaintiff claims was ever contemplated where the only relation shown is such as proceeds from the fact that the water company has undertaken to furnish the inhabitants of a municipality with water, has connected its mains with the premises of a consumer, and is charging ordinance rates for the water supplied or to be supplied." In that case the facts were almost identical with the case on this appeal except that the property owner in the Niehaus case had installed seven fire hydrants upon its premises for the special purpose of protection against fire and had for a number of years paid the public utility a special charge for the water to be furnished in case of fire. Some time prior to the destruction of the premises the plan of payment had been changed, but the property owner continued to pay for the fire hydrants at a rate fixed by a municipal ordinance. Notwithstanding this, the supreme court held that this service, termed "stand-by service," a charge for the supply of water to the fire hy-

drants in case of fire, did not fix upon the public utility a corresponding liability for failure to furnish water for the extinguishment of fires, the court saying that the duty of the public utility was to furnish water as a commodity and not for any particular purpose such as the extinguishment of fires unless an express contract for that purpose has been made. Here the only contract whereby the public utility obligated itself to furnish water for fire protection was the contract with the city in which the appellant was interested as a taxpayer only. In this connection the supreme court said in the Niehaus case: "The weight of authority is to the effect that a property-owner has no right of action against a water company under its contract with a city to supply water to public hydrants for the protection of his property, although his loss may have been occasioned through the negligent failure of the company to have on hand a supply whereby the loss might have been prevented. The authorities deny the liability on the ground that there is no privity of contract between property owners and the water company." Again, bearing in mind the different state of facts in the Niehaus case, where the property owner paid the hydrant rates directly to the water company, the supreme court said: "The particular stress, however, of respondent's claim of liability of defendant is based on the fact that the company charged the monthly ordinance rates for the hydrants installed upon plaintiff's premises. But these were not paid by reason of any contract between it and the defendant. If a voluntary contract had been made between them under which a stipulated monthly sum was charged plaintiff by defendant for connecting its mains with the hydrants of the plaintiff, it might reasonably and plausibly be argued that fire protection was contemplated as the only advantage to be derived therefrom. Here, however, there was no such contract."

It is true, as is alleged by the appellant, that the provisions of section 549 of the Civil Code were not considered in the Niehaus case, but they were expressly considered in the case of *San Leandro* v. *Railroad Com.,* 183 Cal. 229, 234 [191 Pac. 1, 3], where the court said: "Aside from the fact that water need no longer be furnished 'free of charge,' for fire protection purposes, this section remains in force." The provisions of that section were analyzed in the San Leandro

70 Cal. App.—7

case but the court reaffirmed the rule of the Niehaus case in the following language: "It has been decided in this state that the law does not impose any duty upon a water company, as a public utility, to furnish a municipality, or its inhabitants, with water *for a particular purpose.* (*Ukiah* v. *Ukiah Water & Improvement Co.*, 142 Cal. 173 [100 Am. St. Rep. 107, 64 L. R. A. 231, 75 Pac. 773]; *Niehaus Bros. Co.* v. *Contra Costa etc. Co.*, 159 Cal. 305 [36 L. R. A. (N. S.) 1045, 113 Pac. 375].) The cases cited further hold that liability for loss resulting from fire is not an incident of the ordinary relation of water distributor and consumer, but such liability on the part of a water company can only be created by an express private contract whereby the water company agrees to furnish water as a protection against fire."

In accord with the rule of the foregoing cases the judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.